IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| DAVID TAFT, JR. and EDDIE C. RISDAL, | |
| Plaintiffs, | No. 11-CV-4035-DEO |
| vs. | ORDER ON PARTIAL MOTION TO DISMISS |
| JASON SMITH, MIKE NIXON, ADAM RAPP, GLEN McCANNON; BRIAN SHAY AND BRYON KELLY, | |
| Defendants. | |

## I.   INTRODUCTION AND BACKGROUND

This matter is currently before the Court on the Defendant's Partial Motion to Dismiss, Docket #17. The Plaintiffs in this case, David Taft, Jr. [hereinafter Mr. Taft], and Eddie Risdal [hereinafter Mr. Risdal], are involuntarily committed patients at the Civil Commitment Unit for Sex Offenders (CCUSO) in Cherokee, Iowa.[1] They originally filed a Motion to Proceed in Forma Pauperis in this matter on March 31, 2011. On June 15, 2011, their Complaint was consolidated with 05-CV-4065, a class action suit which addressed several CCUSO related Complaints. However, on May

---

[1] The patients at CCUSO "have served their prison terms but in a separate civil trial have been found likely to commit further violent sexual offenses." Iowa Department of Human Services Offer #401-HHS-014: CCUSO,
   http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited February 19, 2013.

18, 2012, this Complaint was severed from the class action owing to the individualized nature of the claims presented by Mr. Taft and Mr. Risdal. On July 30, 2012, the Court granted the Plaintiff's application to proceed in forma pauperis, but did not conduct an initial review of the parties' claims pursuant to 28 U.S.C. § 1915(e)(2).[2] On September 27, 2012, the Defendant's filed an Answer to the claim of excessive force made by Mr. Risdal. At the same time, the Defendants filed a Motion to Dismiss Mr. Taft's Complaint. The Court will address that Motion below.

## II. ISSUES

The Defendants make two primary arguments. First, they argue that Mr. Taft's Complaint should be dismissed. The Defendant's argue that Mr. Taft's Complaint regards his access to mail. Specifically, Mr. Taft complains that he is not allowed to send mail to Rich Terrell. The Defendants contend that CCUSO has the right to monitor and restrict Mr. Taft's mail for therapeutic and safety reasons.

---

[2]28 U.S.C. § 1915(e)(2) states that once any portion of a filing fee is waived, a court must dismiss the case if a the Plaintiff's allegations of poverty prove untrue or the action in question turns out to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Second they argue that this case involves two distinct claims belonging to two separate people. The Defendants argue that in the Complaint, Mr. Risdal makes a claim regarding CCUSO's excessive use of force. Mr. Taft is not involved in that claim, other than as an alleged witness. The claim raised by Mr. Taft regards his access to mail.[3] Mr. Risdal has no claim of injury with respect to access to the mail, and Mr. Taft has no claim regarding the alleged excessive use of force. Because Mr. Taft's individual Complaint should be dismissed as a matter of law, the Defendants argue that Mr. Taft should be dismissed from the case because he has no interest in Mr. Risdal's claim.

## III.   42 U.S.C. § 1983 STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A document filed pro se "is to be liberally construed," Estelle v. Gamble, 429 U.S. 97, 106 (1976) and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings

---

[3] Although not mentioned by the Defendants, the Court notes that Mr. Taft has previously filed at least one case alleging that he has been denied access to mail, 12-CV-4079. This Court dismissed that case for failing to state a claim for which relief can be granted.

drafted by lawyers," ibid. citing Cf. Fed. Rule Civ. Proc. 8(f) stating "[a]ll pleadings shall be so construed as to do substantial justice."  See also <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).

Although it is a long-standing maxim that a complaint's factual allegations are to be accepted as true at the early stages of a proceeding, this does not require that a court must entertain any complaint no matter how implausible.  The facts pled "must [still] be enough to raise a right to relief above the speculative level . . . ."  <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555 (2007).  In other words, the claim to relief must be "plausible on its face."  <u>Id.</u> at 570.  A claim is only plausible if a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).  Where the complaint does "not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' - that the pleader is entitled to relief." <u>Id.</u> at 1950 (citing Fed. Rule Civ. Proc. 8(a)(2)).  In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to

legal conclusions." Id. at 1949.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

**IV. ANALYSIS**

**A. Mail Issue**

In his Complaint, Mr. Taft argues that he was prohibited from communicating with Mr. Rich Terrell, and that prohibition violates his constitutional 1st Amendment right to free speech. Mr. Terrell is not a CCUSO patient and does not appear to be subject to the authority of the State of Iowa. The Defendants admit that Mr. Taft was prohibited from sending messages to Mr. Terrell and receiving messages from Mr. Terrell. However, the Defendants argue that Mr. Terrell did not wish to communicate with Mr. Taft. Further, the Defendants state that it was counter-therapeutic for Mr. Taft to contact Mr. Terrell and that it risked the safety of the CCUSO facility. Docket #17, p. 2-3.

5

The Defendants' argument that Mr. Taft was banned from communicating with Mr. Terrell for safety and medical reasons is supported by Mr. Taft's own exhibits. See Docket #13, Document #3, which includes a communication from Defendant Smith to Mr. Taft stating that he is not allowed to talk to Mr. Terrell for therapeutic and safety reasons. The Defendants argue that they are within in their right to monitor and restrict patients' mail access for therapy and safety reasons.

As has been recently stated:

> [n]either the Supreme Court nor this court has determined the extent to which the Constitution affords liberty interests to indefinitely committed dangerous persons under the Mathews balancing test. Since [the Plaintiff] has been civilly committed to state custody as a dangerous person, his liberty interests are considerably less than those held by members of free society. See Wilkinson v. Austin, 125 S. Ct. 2384, 2395-96 (2005); Morrissey v. Brewer, 408 U.S. 471, 481 (1972). As compared to a prison inmate, however, [the plaintiff is] entitled to more considerate treatment and conditions of confinement. Youngberg v. Romeo, 457 U.S. 307, 322 (1982).

Senty-Haugen v. Goodno, 462 F.3d 876, 886 (8th Cir. 2006). The Court has also stated that claims by civil committed individuals "should be evaluated under the ... standard usually applied to ... pretrial detainees." Serna v. Goodno,

6

567 F.3d 944, 948 (8th Cir. 2009).  That said, "A pretrial detainee constitutionally need not, and, as a practical matter, cannot be provided with a normal civilian life." Padgett v. Stein, 406 F. Supp. 287 (M.D. Pa. 1975).

Because the law is often unsettled regarding civil detainees, in many situations it is unclear what standard applies to civil detainees.  However, in the context of mail handling cases, the standard is the same whether a CCUSO resident is considered a "mental patient" or a prisoner.  See Willis v. Smith, Not Reported in F. Supp. 2d, 2005 WL 550528, 10 (N.D. Iowa 2005) citing Turner v. Safley, 482 U.S. 78, 89 (1987); Davis v. Balson, 461 F. Supp. 842, 864 (N.D. Ohio 1978).

As a general rule, those detained by the government have a limited liberty interest in their mail under the First and Fourteenth Amendments.  Jones v. Brown, 461 F.3d 353, 358 (3d Cir. 2006), cert. denied, 549 U.S. 1286 (2007).  However, the constitutional right to send and receive mail may be restricted for legitimate penological interests.  See Thornburgh v. Abbott, 490 U.S. 401, 407 (1989); Turner v. Safley, 482 U.S. 78, 89 (1987).  In Turner, the Supreme Court of the United States found that a prison regulation infringing

on an inmate's constitutional rights is valid so long as it is reasonably related to a legitimate penological interest. Id. at 89.

Additionally, Courts have recognized that similar to the security interests present in the prison context, facilities housing civilly committed predators have an interest in providing those persons therapy. Consequently, they have an interest in screening the mail to assure that the objectives of therapy can be carried out. As one Court noted:

> [the residents] are convicted sexual predators, which makes safety at [their facility] a very important concern. The staff clearly must determine if any items coming through the mail pose a threat to the safety of the staff or the other residents. They also must decide if any of the materials passing through the mail could be detrimental to a resident's therapy.

Belton v. Singer et al., 2011 WL 2690595, 11 (D. N.J. 2011).

As was discussed above, at this early stage of the proceeding, the Court must accept the Plaintiff's allegations as true, and can only dismiss the action if the claim, accepted as true, fails to make a case for which relief could possibly be granted.

In this case, the Court not only accepts Mr. Taft's allegations as true, the Defendants have admitted they

Case 5:11-cv-04035-DEO   Document 19   Filed 02/22/13   Page 9 of 12

censored Mr. Taft's communications with Mr. Terrell. However, they argue that they restricted the communication for both therapy and safety reasons. This allegation is supported by Mr. Taft's own exhibits. Additionally, Mr. Terrell has previously filed state court documents attempting to prohibit Mr. Taft from including Mr. Terrell in Mr. Taft's various (and numerous) court filings. Docket #17, Ex. A. As was discussed above, a state medical facility, such as CCUSO, may censor mail for both therapy reasons and for safety reasons. In this case, there is simply no allegation that CCUSO censored Mr. Taft's mail for any reason other than those therapeutic and safety reasons. Because CCUSO was within their right to censor Mr. Taft's mail to and from Mr. Terrell, it is clear to the Court that Mr. Taft's present case must be dismissed.

Because Mr. Taft's claim must be dismissed for failing to state a claim, the Court need not reach the Defendants' arguments regarding qualified immunity and state immunity. However, the Court does note that the Defendants also argue that Mr. Taft's claim should be barred by the resolution of the class action case referenced above, 05-CV-4065. Specifically, the Defendants argue that:

> CCUSO's mail policy was the subject of litigation in the certified class action

> 05-cv-4065. The policy was entered into evidence, and specific relief was agreed to in the form of notice not only to the patient if mail was rejected, but also to the sender of the rejected mail. Any claims relating CCUSO's mail procedures are precluded by the resolution in 05-cv-4065.

Docket #17, p. 3. The Court agrees that the evidence and allegations in this case indicate that the Defendants' actions comport with the settlement agreement in 05-CV-4065. Accordingly, Mr. Taft's claim is also precluded by that agreement.

**B. Separate Claims**

The Defendants next argue that this case involves two distinct claims belonging to two separate people. The Court has reviewed the Complaint and is persuaded that the Defendants are correct. It is clear that Mr. Risdal makes a claim regarding CCUSO's excessive use of force. Mr. Taft is not involved in that claim, other than as an alleged witness. As was discussed above, the claim raised by Mr. Taft regards his access to mail. Mr. Risdal has no claim of injury with respect to access to the mail. Mr. Taft's claim is very specific; he alleges he is prohibited from contacting Mr. Terrell. Mr. Risdal's claim is also very specific. He alleges he was injured by CCUSO employees in an altercation.

Mr. Taft has no claim regarding the alleged excessive use of force. Consequently, it is clear to the Court that each Plaintiff has standing to raise his own claim, but no standing with respect to the other claim, because there is no injury, no causation, and hence, no redressability. <u>Lujan v. Defenders of Wildlife, et al.</u>, 504 U.S. 555, 560-01 (1992). Neither patient has a "concrete and particularized" injury with respect to the other's claims. Id. at 560. Thus, once Mr. Taft's access to mail claim is dismissed, he has no standing with respect to Mr. Risdal's remaining claim. As the Court discussed above, Mr. Taft's mail claim must be dismissed as a matter of law. Because he has no standing as to Mr. Risdal's claim, he should be dismissed from the case.

**V. CONCLUSION**

For the reasons set out above, Mr. Taft's Complaint is dismissed, and he is dismissed from this action. Mr. Risdal's Complaint will be allowed to proceed. To the extent Mr. Taft argued that a class should be certified regarding the issues contained in the Complaint, that claim is also dismissed. The Clerk of Court will enter a scheduling order relating to Mr. Risdal's claim only.

**IT IS SO ORDERED** this 22nd day of February, 2013.

*[signature]*
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa